**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:06-cr-00367-HDM-PAL |
| | ) | 2:12-cv-02201-HDM |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| ELLIOTT DAUGHERTY, | ) | |
| Defendant. | ) | |

On December 13, 2012, defendant filed a second motion for relief pursuant to 28 U.S.C. § 2255 (#73). On December 17, 2012, the court dismissed defendant's motion on the grounds that it lacked jurisdiction to consider the second or successive § 2255 petition (#74). On December 26, 2012, the defendant filed another document asserting claims under § 2255 (#75). The court also dismissed this petition on the same grounds. On February 21, 2013, defendant filed a motion for reconsideration of the court's orders (#77). The government has opposed (#78). Defendant has not replied, and the time for doing so has expired.

As noted in the court's orders dismissing defendant's second or successive § 2255 petitions, the court may not consider a second or successive § 2255 motion absent a certificate from the Court of Appeals authorizing it to do so. 28 U.S.C. § 2255(h); *id.* § 2244; *United States v. Washington*, 653 F.3d 1057, 1065 (9th Cir. 2011).

Defendant, however, argues that he is permitted to file his second or successive petition pursuant to § 2255(f)(3) without first obtaining authorization from the Court of Appeals pursuant to § 2255(h).

Section 2255(f)(3) requires that § 2255 motions be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Defendant asserts that the Supreme Court's decisions in *Missouri v. Frye*, – U.S. –, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, – U.S. –, 132 S. Ct. 1376 (2012) created newly recognized rights retroactively applicable to cases on collateral review.

Section 2255(f)(3) governs only the time within which § 2255 motions may be filed. It does not create a right to file a second or successive petition without first obtaining authorization from the Court of Appeals. *See Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012). Plaintiff's § 2255 petition in this case is a second or successive petition. Further, the Ninth Circuit has held that neither *Lafler* nor *Frye* created a new rule of constitutional law so neither "can form the basis for an application for a second or successive motion." *Id.* at 1140. For those reasons, defendant's motion for reconsideration (#77) is **DENIED**.

DATED: This 28th day of March, 2013.

_____
UNITED STATES DISTRICT JUDGE

2