**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:06-cr-00367-HDM |
| | ) | 2:16-cv-01271-HDM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ELLIOTT DAUGHERTY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant has filed a 28 U.S.C. § 2255 motion seeking relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* held that the residual clause in the ACCA's definition of "violent felony" is unconstitutionally vague. Defendant was not charged or sentenced under the ACCA. Rather, he was found to be a career offender under U.S.S.G. § 4B1.1. Under § 4B1.1, a defendant qualifies as a career offender if:

(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of

1

conviction; (2) the instant offense of conviction is a
felony that is either a crime of violence or a controlled
substance offense; and (3) the defendant has at least two
prior felony convictions of either a crime of violence or
a controlled substance offense.

At sentencing, the court determined that defendant qualified as a
career offender because he had two prior crimes of violence and his
instant offense was a crime of violence.  The definition of "crime
of violence" for purposes of the career offender guideline includes
a residual clause that is identical to that in the ACCA.  *See*
U.S.S.G. § 4B1.2(a).  Defendant argues that *Johnson* also
invalidated this residual clause, that his instant offense could
have qualified as a "crime of violence" only under the residual
clause, and that he is therefore entitled to relief.

Whether *Johnson* applies to the Guidelines, and if so, whether
it applies retroactively on collateral review, are threshold issues
in this case that have not been answered by either the Ninth
Circuit or the Supreme Court.  However, the issues are pending
before the United States Supreme Court in *Beckles v. United States*,
No. 15-8544.  *Beckles* presents the following issues:

1.  Whether *Johnson* applies retroactively to collateral cases
    challenging federal sentences enhanced under the residual
    clause in U.S.S.G. § 4B1.2(a)(2)?

2.  Whether *Johnson*'s constitutional holding applies to the
    residual clause in U.S.S.G. § 4B1.2(a)(2), thereby
    rendering challenges to sentences enhanced under it
    cognizable on collateral review?

3.  Whether mere possession of a sawed-off shotgun, an

2

offense listed as a "crime of violence" only in the commentary to U.S.S.G. § 4B1.2, remains a "crime of violence" after *Johnson*?

As *Beckles* will likely decide threshold issues in this case, the government seeks a stay of defendant's petition pending the Supreme Court's decision in that case.

"[H]abeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy." *Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000).  The Ninth Circuit has "never authorized, in the interests of judicial economy, an indefinite, potentially lengthy stay in a habeas case. . . .  although considerations of judicial economy are appropriate, they cannot justify [an] indefinite, and potentially lengthy, stay."  *Id.* at 1120-21.  Thus, in deciding whether to stay this case, the court should consider whether a stay is likely to resolve the case without inordinate delay; whether *Beckles* is likely to conclusively resolve issues in this case; and the potential prejudice to the defendant.  *See United States v. Beane*, 2016 WL 4045392, at *2 (N.D. Cal. July 28, 2016).

The Supreme Court will likely decide *Beckles* by the end of this term.  Accordingly, a stay would not be indefinite.

Further, *Beckles* is likely to decide whether defendant has any *Johnson* claim at all based on his status as a career offender, including whether that claim can be raised on collateral review. If either of those questions is answered in the negative, defendant will not be entitled to relief based on *Johnson*.  In addition, the Supreme Court may decide whether crimes listed solely in the

commentary of the Guidelines qualify as crimes of violence.   The answer to this question may be relevant to defendant's claims, should the court reach the merits of defendant's petition.

Finally, defendant has argued that he would be eligible for immediate release if the court were to grant his § 2255 petition. However, on balance, the relatively short duration of a stay and the fact that *Johnson* will decide important threshold – and possibly merits – issues in this case outweighs any prejudice that the defendant might suffer from a temporary stay.   Accordingly, the court concludes that under the considerations set forth in *Yong*, a short stay of the defendant's petition in this case is appropriate.

In accordance with the foregoing, proceedings on the defendant's § 2255 petition are hereby **STAYED** until April 9, 2016, or until further order of the court.   Either party may move to lift the stay at any time on a showing of good cause.

IT IS SO ORDERED.

DATED: This 8th day of December, 2016.

_____
UNITED STATES DISTRICT JUDGE

4