# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ELLIOTT DAUGHERTY,<br><br>Defendant. | 2:06-cr-00367-HDM<br>2:16-cv-01271-HDM<br><br>ORDER |

On April 14, 2017, the court entered an order denying the defendant's 28 U.S.C. § 2255 motion. (ECF No. 99). The court will deny defendant a certificate of appealability for that order.

The standard for issuance of a certificate of appealability calls for a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). The Supreme Court has interpreted 28 U.S.C. § 2253(c) as follows: "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000). The Supreme Court further illuminated the standard for

1

issuance of a certificate of appealability in *Miller-El v. Cockrell*, 537 U.S. 322 (2003). The Court stated in that case:

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail. As we stated in Slack, "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Miller-El*, 123 S.Ct. at 1040 (quoting *Slack*, 529 U.S. at 484).

The court has considered the issues raised by defendant, with respect to whether they satisfy the standard for issuance of a certificate of appeal, and determines that none meet that standard. The court therefore denies a certificate of appealability with respect to the court's denial of defendant's 28 U.S.C. § 2255 motion.

IT IS SO ORDERED.

DATED: This 1st day of June, 2017.

*/s/ Howard D. McKibben*
UNITED STATES DISTRICT JUDGE

2